**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TREVOR O. FORBES

   Petitioner,

vs.            Case No. 3:09-cv-630-J-32HTS
                  3:99-cr-222-J-32HTS
UNITED STATES OF AMERICA,

   Respondent

## **ORDER**[1]

This case is before the Court on petitioner Trevor O. Forbes's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Docs. 5, 7.) The United States filed a response, alleging in part that Petitioner waived the right to appeal his criminal conviction in his plea agreement. (Doc. 8.) Petitioner filed a response in opposition. (Doc. 9.) Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition. See Patel v. United States, 252 Fed.App'x. 970, 975 (11th Cir. 2007).

**I. Background**

On June 4, 2008, Petitioner pled guilty to conspiracy to import 1,000 kilograms

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

or more of marijuana into the United States, in violation of 21 U.S.C. § 952, 960(a)(1) and 963(b)(1)(G), Count I of a four-count superseding indictment. (Crim. Doc. 45.)[2] Petitioner's guilty plea was entered pursuant to a written plea agreement he signed on May 19, 2008.[3] (Crim. Doc. 47.) The plea agreement contains a waiver of appeal provision that provides:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly <u>waives the right to appeal defendant's sentence or to challenge it collaterally on any ground</u>, including the ground that the court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Id. at 10) (emphasis added). The plea agreement also contains a lengthy factual basis outlining the offense conduct. (Id. at 15-19.) The Court accepted Petitioner's

---

[2]Citations to Petitioner's criminal case file, 3:99-cr-222-J-32HTS, are denoted as "Crim. Doc. ___." Citations to Petitioner's civil § 2255 case file, 3:09-cv-630-J-32HTS, are denoted as "Doc. ___."

[3]In exchange for Petitioner's plea, the government agreed to drop the remaining three counts of the superseding indictment.

guilty plea and on August 27, 2008, the Court sentenced Petitioner to 262 months' imprisonment. (Crim. Doc. 53.) Petitioner did not file a direct appeal.

Petitioner originally filed a *pro se* Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction, Double Jeopardy and Constructive Amendment of Indictment, (Crim. Doc. 57), which this Court construed as more appropriately brought pursuant to 28 U.S.C. § 2255 (Doc. 2.) The Court afforded Petitioner the opportunity to supplement his motion and file it in accordance with the Rules Governing Section 2255 proceedings, and he did so (Docs. 5, 7.) In his § 2255 motion, Petitioner argues that his attorney (i) failed to independently investigate his defense and (ii) misrepresented his career offender status and potential sentence exposure, which induced Petitioner to plead guilty and thereby deprived him of constitutionally effective counsel. (Doc. 7 at 20.) The government posits that Petitioner expressly waived the right to appeal his sentence either directly or collaterally, and thus the § 2255 motion should be denied. (Doc. 8.)

An appeal waiver in a plea agreement will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. United States v. Williams, 396 F.3d 1340, 1341 (11th Cir. 2005); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). A voluntary and knowing appeal waiver in a plea agreement

3

precludes the defendant from collaterally attacking his conviction in a § 2255 motion. See Williams, 396 F.3d at 1342 (dismissing a § 2255 petition based on claims of ineffective assistance of counsel because the appeal waiver provision in a plea agreement specifically informed the defendant that he was waiving a collateral attack on his sentence). However, an appeal waiver does *not* bar a § 2255 claim that the defendant's plea or the appeal waiver itself was invalid due to ineffective assistance of counsel. Patel, 252 Fed.App'x. at 975. As a result, the Court addresses Petitioner's claims on the merits.

**II.     Legal Standard**

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence was imposed in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

An allegation of ineffective assistance of counsel must normally be raised by collateral attack. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). To establish an ineffective assistance of counsel claim a defendant must demonstrate:

4

(1) "that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) that the defendant was prejudiced by the deficiencies in counsel's performance. Id. at 691-92. Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. The proper assessment of attorney performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. A court must afford a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance; a defendant must overcome the presumption that, under the particular circumstances, the challenged action might be considered sound trial strategy. Id. (citation omitted). Moreover, a court need not address the adequacy of counsel's performance where the defendant has failed to show sufficient prejudice. Strickland, 466 U.S. at 697; Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). To satisfy the prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Further, there is a strong presumption that statements made during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). As a result, a defendant bears a heavy burden to show that his statements under oath

were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

**III.     Discussion**

In his § 2255 petition, Petitioner contends that his counsel failed to independently investigate the facts of the case and misrepresented Petitioner's career offender status and potential sentence exposure, thereby inducing Petitioner to plead guilty. As to the first point, he argues that "if [counsel] had conducted an independent investigation of the facts, circumstances, pleadings, and laws involved in Forbes' case, he would have advised Forbes to plead not guilty and to proceed to trial [because] [t]he government could not have met its burden of proof on the elements of the charged conspiracy." (Doc. 7 at 6.) Specifically, Petitioner contends that the government could not establish that he intended to import 1,000 kilograms or more of marijuana. (Id.) As to the second point, Petitioner claims that his counsel assured Petitioner that his sentence would not exceed 15 years, and further claims that counsel incorrectly advised Petitioner that a prior conviction dating from 1978 would not result in a career offender classification. (Id. at 7, 9.) Petitioner contends that "had [counsel] properly informed him of the consequences of his guilty plea, he would have not pleaded guilty to the charged conspiracy." (Id. at 9.) Pursuant to the Eleventh Circuit's guidance in Patel, the Court has determined that no evidentiary hearing is necessary because both of Petitioner's claims are rebutted by the record.

See Patel, 252 Fed.App'x. at 975.[4]

    A.    *Failure to Investigate*

Petitioner consented to having his guilty plea taken before United States Magistrate Judge Howard T. Snyder. (Crim. Doc. 62 at 4.) During the plea colloquy, the Magistrate Judge read the plea agreement's factual basis verbatim and asked Petitioner if the recitation of facts was correct:

> THE COURT: Tell the court, please, Mr. Trevor O. Forbes, whether or not you admit the truth of the report just given and that all of the elements thereof are true and correct.
>
> DEFENDANT FORBES: Yes, sir.
>
> THE COURT: Is that what you did?
>
> DEFENDANT FORBES: Yes, sir.
>
> THE COURT: Now, sir, do you understand and have you discussed with your attorney the necessary elements the government must prove beyond a reasonable doubt in order for you to be convicted?
>
> DEFENDANT FORBES: Yes, sir.

(Id. at 40.) The Magistrate Judge then recited the elements of conspiracy, and

---

[4] In Patel, the Eleventh Circuit found that the district court erred in dismissing Patel's § 2255 claim – which alleged that counsel induced him to plead guilty by erroneously calculating his sentence exposure – based on a finding that it was barred by an appeal waiver nearly identical to the one signed by Petitioner in this case. In doing so, the Court stated: "Nevertheless, we need not vacate and remand this issue to the district court for an evidentiary hearing because the record is sufficient to permit meaningful appellate review as to this claim, and the record supports the conclusion that counsel was not ineffective for misleading Patel concerning his sentence or otherwise coerced him into pleading guilty." Id. at 975.

Petitioner unequivocally admitted that all of the elements were true. (Id.) The Court then asked the following:

> THE COURT: Then, further, in addition to these elements, in order to establish that the increased penalty provisions of 21 U.S.C. § 960(b)(1)(G) are applicable, including the ten years to life imprisonment, the United States must prove that the object of the conspiracy was to import 1,000 kilograms or more of marijuana. Do you admit this element is true?
>
> DEFENDANT FORBES: Yes, sir.

(Id. at 40-41.) Given ample opportunity to deny, explain, or mitigate any part of the factual basis underlying his guilty plea, Petitioner failed to do so. In addition, both Petitioner's memorandum and affidavit in support of his § 2255 motion (Docs. 6, 7) admit facts which would serve to establish his involvement in the charged conspiracy. His claim that counsel failed to investigate facts which Petitioner has admitted to be true is therefore baseless and cannot support a finding of ineffective assistance.

    B.    *Erroneous Sentencing Advice*

Petitioner next claims that counsel's preliminary calculations under the sentencing guidelines were lower than the ultimate calculations in the Presentence Investigation Report (PSR), and that this lower estimate unconstitutionally induced Petitioner to plead guilty. During the change of plea colloquy, the Magistrate Judge informed Petitioner that the charge against him was punishable by a mandatory minimum term of imprisonment of ten years up to life imprisonment. (Crim. Doc. 62 at 22.) The Magistrate Judge then specifically addressed the question of potential

8

variance between the pre-PSR sentence estimates and the post-PSR advisory guidelines:

> THE COURT: Have you and your attorney talked about how the sentencing commission guidelines might apply to your case?
>
> DEFENDANT FORBES: Yes, sir.
>
> THE COURT: Do you understand that *anything your lawyer or anyone else has told you about the guideline application to your case is only an estimate*, and if incorrect it will not be grounds for allowing you to withdraw your guilty plea?
>
> DEFENDANT FORBES: Yes, sir.

(Id. at 24-25)(emphasis added). The Magistrate Judge repeated this latter question, and Petitioner answered affirmatively a second time. (Id. at 26.) The PSR ultimately calculated Petitioner's guidelines range of imprisonment at between 262 and 327 months, based on his status as a career offender. (Doc. 63 at 3.)

At the sentencing hearing, Petitioner did not object to the advisory guidelines range in the PSR, nor did he indicate any dissatisfaction with his counsel. He was given an opportunity to speak for himself and did so without mention of being induced into a plea. The Court addressed each argument raised by Petitioner's counsel in his sentencing memorandum and at the hearing, and noted specifically that it was not required to pronounce a sentence within the advisory guidelines pursuant to United States v. Booker, 543 U.S. 220 (2005). (Id. at 35.) Being fully advised, the Court sentenced Petitioner to 262 months, the low end of the advisory guideline range. (Id.

9

at 31-32, 36.)

A similar claim of ineffective assistance was rejected by the Eleventh Circuit in Patel for failure to rebut the presumption that statements made during the plea colloquy were true and correct. Patel, 252 Fed.Appx 976. Such is the case here. Petitioner was fully advised of the maximum sentence exposure he faced, that counsel's predictions or recommendations as to his sentence were not binding, and that he would be unable to withdraw his plea if the sentence was different from what had been advised by counsel. Petitioner is unable to rebut the presumption that his statements during the plea colloquy were true and correct, and is therefore unable to establish that his plea was involuntary. See Patel, 252 Fed.Appx. at 975-76. Accordingly, It is hereby

**ORDERED**:

1. Trevor O. Forbes' Motion to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Trevor O. Forbes, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of February, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record
pro se party